**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACKIE CHAGOLLA, Parent on behalf of B.C. on behalf of P.C., | No. 20-15078 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01811-DGC |
| v. | |
| LIZ VULLO; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| AZ DCS; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted January 20, 2021**

Before: McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Chagolla's request for oral argument, set forth in the reply brief, is denied.

Jackie Chagolla appeals pro se from the district court's summary judgment in her 42 U.S.C. § 1983 action alleging federal claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Kohler v. Bed Bath & Beyond, LLC*, 780 F.3d 1260, 1263 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment on Chagolla's due process claim against defendant Solis stemming from the removal of Chagolla's children from her custody because Chagolla failed to raise a genuine dispute of material fact as to whether Solis lacked reasonable cause to believe the children were in imminent danger of serious bodily injury. *See Demaree v. Pederson*, 887 F.3d 870, 878-79 (9th Cir. 2018) (explaining circumstances in which officials may constitutionally remove children from their parents temporarily without prior judicial authorization).

The district court properly granted summary judgment on Chagolla's due process claim against defendant Solis related to Solis's investigation because Chagolla failed to raise a triable dispute as to whether the alleged conduct shocked the conscience. *See Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1111 (9th Cir. 2010) ("The Court has repeatedly spoken of the cognizable level of executive abuse of power as that which shocks the conscience." (citation and internal quotation marks omitted)); *Devereaux v. Abbey*, 263 F.3d 1070, 1075 (9th Cir. 2001) (en banc) (no due process right to have a child abuse investigation

carried out in a particular way or have witnesses interviewed in a particular manner).

The district court properly granted summary judgment on Chagolla's defamation-plus claim against defendants Solis, Ward, and Holya because Chagolla failed to raise a triable dispute as to whether the contested statements were provably false assertions of fact. *See Crowe v. County of San Diego*, 608 F.3d 406, 443 (9th Cir. 2010) ("In order to fall outside the scope of First Amendment protection, an alleged defamatory statement must contain a provably false factual connotation." (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Chagolla's § 1983 claims against defendant Vullo because Chagolla failed to raise a triable dispute as to whether Vullo acted under color of state law. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092-96 (9th Cir. 2003) (explaining that a § 1983 plaintiff must show the defendant "acted under color of state law" and the tests to determine state action; the central question is whether the alleged constitutional violation is fairly attributable to the government).

To the extent the district court erred by determining that the Arizona Department of Child Safety ("DCS") was not a party, any error was harmless because Chagolla's claims against DCS are barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n

the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**